UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Tristan Amos,

               Petitioner,               Case No. 23-cv-1282 (KMM/LIB)

    v.

                                        **REPORT AND RECOMMENDATION**

Michael Segal,
*Warden*,

               Respondent.

---

Pursuant to a general referral made in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, this matter comes before the undersigned United States Magistrate Judge upon Petitioner Tristan Amos' Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Docket No. 1]. The present Petition is before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.[1] Finding no hearing necessary, the Court issues the present Report and Recommendation.

For the reasons discussed herein, the Court recommends that Amos's Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED**, and this action be **DISMISSED without prejudice**.

I.        **Background**

On May 26, 2017, Petitioner pled guilty to one count of Assaulting a Federal Officer, in violation of 18 U.S.C. §§ 111(a), as well as, one count of Discharge of a Firearm During the Commission of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii). United States v. Amos, No. 5:16-cr-50114 (JLV), Order Accepting Plea [Docket No. 84] (D.S.D. May 26,

---

[1] Amos' Petition is not brought pursuant to 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases are nevertheless applicable to the present Petition. See Rule 1(b).

2017). On October 2, 2017, Petitioner was sentenced to a 120-month term of imprisonment to be followed by a three-year term of supervised release. United States v. Amos, No. 5:16-cr-50114 (JLV), Sentencing Minutes [Docket No. 94] (D.S.D. Oct. 2, 2017).

Upon her sentencing, Petitioner was remanded to the custody of the Bureau of Prisons ("BOP") to serve her term of imprisonment. See United States v. Amos, No. 5:16-cr-50114 (JLV), Judgment and Commitment [Docket No. 96] (D.S.D. Oct. 4, 2017). Petitioner is presently incarcerated at the Federal Corrections Institution in Waseca, Minnesota. (See Pet. [Docket No. 1]).

On December 21, 2018, the First Step Act ("FSA") became law. See 18 U.S.C. § 3632. The FSA contains various carceral reforms, including the potential reduction of sentences for certain federal inmates through the accumulation of "time credits." Id. These "time credits" can be used to accelerate a prisoner's release date. See Id.

As relevant to the present action, the FSA provides that "[a] prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" at a rate described by statute. 18 U.S.C. § 3632(d)(4) (emphasis added). Pursuant to "subparagraph (D)," "[a] prisoner is ineligible to receive time credits under" §3632(d)(4) "if the prisoner is serving a sentence for a conviction under," among other things, "Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii).

The risk and needs assessment system, through which eligible inmates may earn time credits, was enacted under the First Step Act, and Congress gave the authority to develop and administer the program to the Attorney General and the BOP. See 18 U.S.C. § 3632(a). At some

point after the enactment of the First Step Act, the BOP reviewed whether Petitioner was eligible to earn time credits pursuant to the FSA. (See Petition [Docket No. 1] at 2). The BOP determined that Petitioner was not eligible to receive time credits pursuant to the FSA because of her § 924(c)(1)(A)(iii) conviction for discharging a firearm during the commission of a crime of violence. (See Id.).

On May 8, 2023, Petitioner initiated the present action by filing her Petition. [Docket No. 1]. The present Petition is now before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

## II.     Discussion

Through her Petition for a writ of habeas corpus, Petitioner contends that the BOP has wrongfully determined that her § 924(c) conviction renders her ineligible to receive time credits under the FSA. Petitioner seeks an Order of this Court requiring the BOP to permit Petitioner to receive time credits under the FSA.

Petitioners is, however, patently ineligible to receive time credits under the FSA. Persons serving a sentence for a conviction under § 924(c) are ineligible to receive time credits under the FSA. See 18 U.S.C. § 3632(d)(4)(D)(xxii). Petitioner pled guilty to having violated § 924(c)(1)(A)(iii). Petitioner is therefore ineligible to receive time credits under the First Step Act. Consequently, Petitioner is not entitled to the relief sought in her Petition, and therefore, her Petition must be denied.  See 28 U.S.C. § 2254, Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

Petitioner contends, nonetheless, that she is entitled to receive time credits under the FSA because while the FSA excludes convictions under § 924(c), she was convicted of violating 18

U.S.C. § 924(c)(1)(A)(iii) which is not specifically listed as excluded in the FSA. (Petition [Docket No. 1] at 3, 6). The FSA need not, however, list as ineligible each subsection under § 924(c) because <u>all</u> convictions under § 924(c) render a prisoner ineligible to receive time credits. <u>See</u> 18 U.S.C. § 3632(d)(4)(D)(xxii).

Petitioner also argues that her conviction under § 924(c)(1)(A)(iii) should not render her ineligible to receive time credits under the FSA because the "Supreme Court has ruled that 924(a)(1)(A)(iii) cases are not violent . . . ." (Petition [Docket No. 1] at 2). The Court finds this argument to be unpersuasive because it is based on a misinterpretation of the FSA. Petitioner is not ineligible to receive time credits under the FSA because it was determined that she committed a violent offense. Petitioner is ineligible to receive FSA time credits "because she was convicted of violating § 924(c), and the FSA states in plain terms that persons who are in prison because they violated § 924(c) are ineligible to receive time credits." <u>Eubanks v. Segal</u>, 23-cv-1245 (ECT/JFD), Report and Recommendation [Docket No. 5] at 2 (D. Minn. May 19, 2023).

Petitioner is not the first person to raise each of the arguments she proffers above. Other petitioners have raised the exact same arguments as Petitioner raises in the present case, and other Courts in this District have rejected these arguments as frivolous. <u>See, e.g.</u>, <u>Eubanks v. Segal</u>, 23-cv-1245 (ECT/JFD), Report and Recommendation [Docket No. 5] at 2–3 (D. Minn. May 19, 2023).

A pleading is legally frivolous (as opposed to factually frivolous) when "[none] of the legal points" contained therein "[are] arguable on their merits." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (alterations in <u>Neitzke</u>); <u>see</u> <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992). This plainly describes the present Petition. Each of Petitioner's claims is patently foreclosed by the statutory language of the FSA itself. Amos's Petition thus should be denied as frivolous. <u>See</u> 28

4

U.S.C. § 2254, Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

### III. Conclusion

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Tristan Amos's Petition for a Writ of Habeas Corpus, [Docket No. 1], be **DENIED**; and
2. The present action be **DISMISSED without prejudice**.

Dated: July 5, 2023                                       s/ Leo I. Brisbois
                                                          Hon. Leo I. Brisbois
                                                          U.S. MAGISTRATE JUDGE

### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition." A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).